FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

14 NOV 20 PM 1:30

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

Civil Action Number:

ALEXANDER JOHNSON
    Plaintiff,

vs.

ROBERT VOCISANO, an individual,
MARIO VOCISANO, an individual, and
GOLDEN GATE INN & COUNTRY CLUB PARTNERSHIP, 2:14-cv-676-FtM-29DNF
A Florida general partnership
also known as COMFORT INN & SUITES NAPLES,
also known as COMFORT INN & EXECUTIVE SUITES,
d/b/a COMFORT INN & EXECUTIVE SUITES, a hotel
    Defendants.

## COMPLAINT

Plaintiff, ALEXANDER JOHNSON, by and through his undersigned counsel, hereby files this Complaint and sues Defendant ROBERT VOCISANO, Defendant MARIO VOCISANO, and Defendant GOLDEN GATE INN & COUNTRY CLUB PARTNERSHIP whom are doing business as COMFORT INN & EXECUTIVE SUITES (a hotel), for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§12181-12189 ("ADA") and compensatory and punitive damages pursuant to the Florida Civil Rights Act as codified in Florida Statutes Chapter §760 and alleges:

### JURISDICTION AND VENUE

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12182 and 28 C.F.R. §36.303(d)(2)

and supplemental jurisdiction over the related state law claim pursuant to 28 U.S.C. §1367.

2. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

3. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred in the Middle District of Florida.

4. Remedies provided by Florida Statute §760 are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the ADA.

5. At all times material hereto, the Defendants have owned and operated a hotel under the "Comfort Inn" franchise (and brand), which is (and has been) open to the public as a public lodging facility. The Defendants' COMFORT INN franchise hotel is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(A); 28 C.F.R. Part 36 and the Florida Civil Rights Act, codified as Title XLIV.

## THE PARTIES

6. ALEXANDER JOHNSON (hereinafter referred to as "Plaintiff") is an individual who was (and is currently) a resident of Broward county, Florida.

7. Upon information and belief, Defendant ROBERT VOCISANO resides in Collier county, Florida and is conducting and operating a business within Collier county, within the jurisdiction of this Court.

8. Upon information and belief, Defendant MARIO VOCISANO resides in Collier county, Florida and is conducting and operating a business within Collier county, within the jurisdiction of this Court.

9. Upon information and belief, Defendant GOLDEN GATE INN & COUNTRY CLUB PARTNERSHIP is a Florida general partnership which is conducting and operating business in Collier county Florida and is within the jurisdiction of this Court.

## THE FACTS

a). **The Plaintiff**

10. Plaintiff ALEXANDER JOHNSON (hereinafter "Plaintiff") suffers from what constitutes a "qualified disability" under the ADA. The Plaintiff is (and has been) hearing impaired and suffers from severe bilateral sensorineural hearing loss. The Plaintiff's disability is defined in 28 C.F.R. §36.104 (1)(iii); Plaintiff's hearing impairment is listed among the physical impairments that substantially limits one or more major life activities; therefore the Plaintiff suffers from a disability covered by the protected class of disabled persons under the ADA and by Florida Statutes §§760.01(2), 760.02(6), and 760.02(11)(a).

a). **The Comfort Inn Franchise Operation**

11. Title to the property known as the COMFORT INN hotel located at 3860 Tollgate Boulevard, Naples, Florida 34114 is held by Defendants ROBERT VOCISANO and MARIO VOCISANO ALVARO as a Florida general partnership known as GOLDEN GATE INN & COUNTRY CLUB PARTNERSHIP, which is also a Defendant in this action.

12. On information and belief, Defendant ROBERT VOCISANO, Defendant MARIO VOCISANO, and Defendant GOLDEN GATE INN & COUNTRY CLUB PARTNERSHIP (collectively, the "Vocisano Franchisees" or "Defendants") own and

3

operate a franchise of the "Comfort Inn" hotel chain located at 3860 Tollgate Boulevard, Naples, Florida 34114, which is the COMFORT INN hotel subject to this action.

13. On information and belief the Defendants (and each of them jointly and severally) are the owners, operators, and managers of the COMFORT INN hotel located at 3860 Tollgate Boulevard, Naples, Florida 34114, are personally involved in, and therefore personally responsible for, the operation of the COMFORT INN hotel which is the subject to this action.

14. The Defendants' hotel provides services and public accommodations which subjects the Defendants, owners of the COMFORT INN hotel, to Chapter 760, specifically, Florida Statutes §760.01(2) (regarding discrimination) and §760.02(11)(a) (as "any inn, hotel, motel or other establishment which provides lodging to transient guests").

15. The Defendants' hotel location which the Plaintiff visited is the subject of this instant action and is referred herein as: "COMFORT INN", "hotel", "Public Lodging Establishment," "public accommodation," or "Subject Facility." The Defendants' hotel accommodates paying guests (which are the general public) on a year-round basis.

c). **The Incident**

16. On August 2, 2104, while on holiday to the Naples area and looking for a hotel room to rent for his stay, the Plaintiff entered the Defendants' COMFORT INN hotel, a public lodging establishment located at 3860 Tollgate Boulevard, Naples, Florida 34114, and attempted to patronize the public lodging accommodation by checking into a room therein.

17. While proceeding through the check in process to obtain a hotel room, the Plaintiff requested that Defendants' COMFORT INN hotel provide him with a TTY

4

device[1] for use with the telephone in the room, which is required to be provided to guests of public lodging establishments who have speech and/or hearing disabilities. Such TTY devices allow guests of the establishment with hearing disabilities access to the Public Lodging Establishment's telephone services to effectively communicate with "911" emergency services, the front desk, and/or call local take-out food establishments to order food delivery (this hotel has no room service).

18. The staff at the Defendants' hotel were unable to honor the Plaintiff's request and stated that they could not provide the TTY device the Plaintiff had requested. Such failure of provision of the TTY device was tantamount to refusal to do so.

19. Furthermore, the Defendants' hotel did not have the TTY service logo[2] displayed as required for all public lodging establishments.

20. By failing to provide the TTY device as required by the ADA at the Defendants' Public Lodging Establishment, the Plaintiff suffered discrimination as a result of being denied full and equal access to, and full and equal enjoyment of the services at Defendants' hotel, which is a place of public accommodation.

21. The Plaintiff left the Defendants' hotel without renting a room as he had intended because the Defendants' hotel (and staff) failed to provide him TTY device for use with the telephone (service) in the hotel room which the Defendants intended to rent to the Plaintiff.

---

[1] Hereinafter, "TTY device(s)." TTY is short for "TeleTYpewriter." The 2010 ADA revisions changed the wording from "TDD" to "TTY." TDD means "Telecommunications Device for the Deaf." TTY is now the preferred ADA word because some people who are not deaf who have speech impairments also use TTYs so a change in name from TDD to TTY, although some people still use "TDD" or "TTY/TDD." See http://www.ada.gov/hotelcombr.htm

[2] 

22. The Defendant is a franchise operator under the "Comfort Inn" brand which is a nationwide chain of hotels. On information and belief, the Defendant has received from the franchise division of Choice Hotels (which owns the "Comfort Inn" brand and hotels and offers "Comfort Inn" franchises) information as to the necessity of compliance with the requirements for supply of TTY devices for individuals with hearing and speaking disabilities. The Defendant has failed and refused to follow the guidelines and requirements for the provision of TTY devices for its patrons, the general public in accordance with the ADA.

23. On information and belief, the Defendants are well aware of the ADA laws and requirements that places of lodging (such as its hotel) have TTY devices available to their patrons which are the general public, which includes individuals with hearing disabilities. Therefore, the Defendants' failure to reasonably accommodate the hearing disabled by providing TTY devices is willful, malicious, and oppressive and in compete disregard for the rights of the Plaintiff and in violation of 28 C.F.R. §36.303(d)(2).

24. This discrimination has resulted in the Plaintiff being denied full and equal access at the Defendants' hotel, which is a place of public accommodation, and which therefore is the subject of this lawsuit. See, Exhibit "A" for verification of visit to the Defendant's hotel.

25. As a result of the Defendant's discrimination, the Plaintiff suffered loss of dignity, mental anguish and other tangible injuries.

26. The Plaintiff has long been a vacation traveler and a customer of public lodging accommodations. The Plaintiff often travels throughout Florida and continues to desire to return to the Naples area and to rent a hotel room at the Defendant's COMFORT

6

INN hotel, but the Plaintiff continues to be injured in that he is concerned that he will again be discriminated against by the failure of the at the Defendants' hotel to provide TTY devices in violation of the ADA and state statutes.

27. The Plaintiff has retained the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

28. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 – 27 above.

29. The Americans with Disabilities Act ("ADA") is landmark civil rights legislation that is the result of decades of advocacy to improve the lives and role in society of all persons with disabilities. The ADA was enacted and effective as of July 26, 1990. The ADA legislation has been protecting disabled persons from discrimination due to disabilities for over 24 years.

30. The Hearing Loss Association of America reports that approximately 36 million American adults report some degree of hearing loss. Approximately 1 million Americans are functionally deaf.

31. According to Sergei Kochkin PHD, past director to the Better Hearing Institute, "[T]he prevalence of hearing loss in the United States is predicted to rise significantly because of an aging population and the growing use of personal listening devices. Indeed, there is concern that we may be facing an epidemic of hearing impairment."

32. Many people with hearing loss utilize TTY or TDD[3] (Telecommunication Device for the Deaf) devices.

33. TTY devices are essential for people with hearing and/or speech disabilities so that they can use and accesses the telephone services provided to guests of lodging establishments. TTY devices are used just like anyone else uses a telephone; to call 911 services in the event of an emergency, to call the front desk, and/or to call local take-out food establishments to order food delivery (this hotel has no room service). Therefore, the TTY device is an essential device which should be provided by the Defendants' hotel to assist individuals with hearing and/or speech disabilities (such as the Plaintiff) in order that they may experience full inclusiveness and communications within and outside the Defendants' public lodging establishment.

34. Plaintiff's hearing impairment limits major life activities including his ability to hear. Therefore, Plaintiff is an individual with a disability under Title III of the "ADA", §§12181-12189. Thus, Plaintiff is a qualified individual with a disability and is entitled to the protections of the ADA under 42 U.S.C. §12181, etc. seq.

35. Public lodging accommodations such as Defendants' COMFORT INN hotel are required to provide full and equal enjoyment of their services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to people with disabilities. 42 U.S.C.§12181(7)(A), §12182(a); 28 C.F.R. §36.203(a). Specifically, the public lodging accommodation must:

    a) Ensure that no individual is discriminated against on the basis of disability in the full and equal enjoyment of their goods, services, facilities,

---

[3] TTY and TDD are referenced as "TTY," and the devices are referenced as "TTY devices," see footnote 1.

privileges, advantages or accommodations. 42 U.S.C. §12182(a); 28 C.F.R. §36.201(a);

b)   Ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense. 42 U.S.C. §12181(9), §§12182(b)(2)(A)(ii), (iii); 28 C.F.R. §36.303(a);

c)   Ensure that its facilities have the appropriate equipment such that the facilities can provide auxiliary aids for the hearing disabled. 42 U.S.C. §12182; 28 C.F.R. §§36.303(b)(1), 36.303(d)(2).

36.   The Defendants have violated Title III of the ADA in numerous ways, including discriminatory action which occurred when the Defendants:

a)   Failed to maintain policies and procedures to ensure compliance with 42 U.S.C. §12182(a); 28 C.F.R. §36.303(a); specifically failed to provide auxiliary aids and services for patrons who are deaf or hard of hearing.

b)   Denied full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, and other advantages of the public accommodation in violation of 42 U.S.C. §§12182(b)(2)(A)(ii), (iii); 28 C.F.R. §36.303(a).

37.   Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to require the Defendants to assure that its hotel, which is a place of public accommodation (public lodging

9

establishment), provide full and equal enjoyment of its services, facilities, privileges, advantages and accommodations in the most integrated setting appropriate to people with disabilities. 42 U.S.C. §12181(9), §12182(a); 28 C.F.R. §36.201(a).

38.     The Court is vested with the authority to require the Defendants to assure that its public lodging establishment (a place of public accommodation) to make reasonable modifications in policies, practices, or procedures when the modifications are necessary to afford services, facilities, privileges, advantages, or accommodations to people with disabilities. 42 U.S.C. §12181(9), §12182(b)(2)(A)(ii), (iii); 28 C.F.R. §36.302(a)

**WHEREFORE,** Plaintiff respectfully prays that this Court grant the following relief against Defendant ROBERT VOCISANO and Defendant MARIO VOCISANO (jointly and severally), including entering a declaratory judgment, pursuant to Rule 57 of the FRCP stating that the Defendants' practices, policies, and procedures have subjected Plaintiff to discrimination in violation of Title III of the ADA, and permanently enjoin the Defendant from any practice, policy and/or procedure which will deny Plaintiff full and equal enjoyment of its goods, services, facilities, privileges, advantages and accommodations in the most integrated setting appropriate to people with disabilities. This includes entry of a permanent injunction ordering Defendants ROBERT VOCISANO, MARIO VOCISANO, and GOLDEN GATE INN & COUNTRY CLUB PARTNERSHIP (jointly and severally):

   a)   To cease discrimination against the Plaintiff and other disabled persons;

   b)   To assure that Defendants' hotel (a place of public accommodation) provide full and equal enjoyment of its services, facilities, privileges,

advantages and accommodations in the most integrated setting appropriate to people with disabilities;

c) To furnish appropriate auxiliary aids and services including TTY devices for patrons who are deaf or hard of hearing such that the TTY devices are available at the front desk upon request and there be a sufficient number of lodging rooms to accommodate individuals with hearing or speaking disabilities;

d) To ensure an accurate and reliable reservation system which is equipped to accommodate individuals with hearing or speaking disabilities such that they will be able to reserve rooms through the hotel reservations system;

e) To provide signage clearly visible at the front door, at the reservation/check-in counter of Defendants' hotel, and on the reservation website (if any) stating that "TTY devices available on request" and clearly displaying the TTY logo[4] in order to ensure compliance by Defendants' representatives and to ensure that individuals who are hearing disabled are aware of the availability of the TTY devices;

f) To promulgate and comply with policies and procedures to ensure that the Defendants and their representatives at their hotel are aware of the TTY devices such that they are able to accommodate individuals who are hearing impaired and require use of TTY devices;

---

[4] 

  g)  Maintain the TTY devices such that they are accessible, useable, and in good working condition;

  h)  Award reasonable costs and attorneys fees; and

  i)  Award any and all other relief that may be necessary and appropriate.

## COUNT II - VIOLATION OF FLORIDA STATUTE §760

39.  Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 – 27 above.

40.  Defendants have violated Florida Statute §760, which provides all persons shall be entitled to the full and equal enjoyment of goods, services, facilities, privileges, and advantages in any of public accommodation, without discrimination or segregation on the ground of handicap.

41.  The violations of Florida law were deliberate and knowing.

**WHEREFORE**, Plaintiff respectfully prays that this Court grant the following relief against Defendants ROBERT VOCISANO, MARIO VOCISANO, and GOLDEN GATE INN & COUNTRY CLUB PARTNERSHIP (jointly and severally), including compensatory damages, damages for intangible injuries, punitive damages, costs including reasonable attorney's fees and interest and for the following injunctive relief and declaratory relief:

  a)  A declaration that the policies and procedures of the Defendants violated Florida Statute §760 in that the Defendants failed to consider and accommodate the needs of disabled persons to the full extent required by Florida law.

b)     An Order mandating that the Defendants furnish appropriate TTY devices for guests/patrons who are deaf or hard of hearing upon request at their hotel;

c)     An Order to require signage clearly visible at the front door, at the reservation/check-in counter of the Defendants' hotel and on the reservation website (if any) stating that "TTY devices available on request" and clearly displaying the TTY logo[5] in order to ensure compliance by the Defendants' representatives and to ensure that individuals who are hearing disabled are aware of the availability of the TTY devices;

d)     Award compensatory damages including but not limited to mental anguish, loss of dignity, and any other intangible injuries;

e)     Award reasonable costs and attorneys fees; and

f)     Award any and all other relief that may be necessary and appropriate.

Dated this November 12, 2014

                    Respectfully submitted,

                    Scott R. Dinin, Esq.
                    Scott R. Dinin, P.A.
                    4200 NW 7th Avenue
                    Miami, Florida 33127
                    Tel: (786) 431-1333
                    inbox@dininlaw.com
                    *Counsel for Plaintiff*

---

[5]