UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXANDER JOHNSON,
      Plaintiff,

v.                                      Case No:  2:14-cv-676-FtM-DNF

ROBERT VOCISANO, MARIO
VOCISANO and GOLDEN GATE INN &
COUNTRY CLUB PARTNERSHIP,
      Defendants.

## ORDER

This cause is before the Court on the Stipulation of Dismissal With Prejudice (Doc. 28) filed on April 14, 2015.   On March 6, 2015, the parties consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. 636(c) (See, Doc. 26).   The parties have agreed to the dismissal of this case in its entirety pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), and a case is deemed dismissed upon the filing of such a stipulation.    In the Stipulation of Dismissal With Prejudice (Doc. 28), the parties states "and the court will retain jurisdiction, in compliance with *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272 (11th Cir. 2012)."   In *Anago Franchising, Inc.,* the Court determined that

> for a district court to retain jurisdiction over a settlement agreement where the parties dismiss the case by filing a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(II), either (1) the district court must issue the order retaining jurisdiction under *Kokkonen* prior to the filing of the stipulation, or (2) the parties must condition the effectiveness of the stipulation on the district court's entry of an order retaining jurisdiction.

*Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280 (11th Cir. 2012). In this case, the Court did not retain jurisdiction prior to the filing of the Stipulation of Dismissal With Prejudice (Doc. 28). The issue is whether the parties conditioned the effectiveness of the Stipulation on the Court's entry of an order to retain jurisdiction.

The language in the Stipulation of Dismissal With Prejudice (Doc. 28) is that it is stipulated and agreed between the parties that "the court will retain jurisdiction in compliance with *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272 (11th Cir. 2012)."   The language in *Anago*, regarding retaining jurisdiction was, "'[a]ll parties agree that the Supreme Court shall reserve jurisdiction to enforce the settlement between the parties pursuant to the terms contained therein.'" *Id.* at 1280.   The court in *Anago* determined that the language in the stipulation was "not conditioned by the entry of an order retaining jurisdiction," and concluded that the court lost jurisdiction upon the filing of the stipulation.   The language of the Stipulation of Dismissal With Prejudice is similar to the language found in *Anago*.   The parties agreed to the Court retaining jurisdiction but did not condition the effectiveness of the Stipulation of Dismissal With Prejudice on the Court retaining jurisdiction, and did not request that the Court retain jurisdiction but rather agreed among themselves that the Court would retain jurisdiction.   The Court finds that upon the filing of the Stipulation of Dismissal With Prejudice (Doc. 28), this action was automatically dismissed, and the Court is not permitted to retain jurisdiction in this matter.

**IT IS HEREBY ORDERED:**

The Clerk is directed to terminate all previously scheduled deadlines and pending motions and to close this case pursuant to the parties' Stipulation of Dismissal With Prejudice.

**DONE** and **ORDERED** in Fort Myers, Florida on June 23, 2015.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 2 -